# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 25, 2013

No. 12-50622
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

NICOLAS PANDO, also known as Nico,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:11-CR-84-3

Before STEWART, Chief Judge, and OWEN and GRAVES, Circuit Judges.

PER CURIAM:[*]

Nicolas Pando pleaded guilty to conspiracy to possess with the intent to distribute marijuana, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(D) and 846 and was sentenced to probation. Pando pleaded guilty to violating numerous conditions of his probation and appeals the 36-month prison sentence he received after his probation was revoked.

A sentence imposed after the revocation of probation must not be "plainly unreasonable." *United States v. Kippers*, 685 F.3d 491, 496 (5th Cir. 2012). To

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

determine whether a sentence is plainly unreasonable, this court "must first ensure that the district court committed no significant procedural error." *Id.* at 497 (quoting *Gall v. United States*, 552 U.S. 38, 51 (2007)). If the district court's sentencing decision is free of procedural error, this court considers the substantive reasonableness of the sentence imposed. *Id.*

On appeal, Pando argues that the district court procedurally erred because it did not consider the 18 U.S.C. § 3553(a) factors and gave inadequate reasons for its sentence. Because Pando objected only generally to the reasonableness of his sentence, review of the procedural reasonableness of his sentence is for plain error. *See Kippers*, 685 F.3d at 497. Given that the district court articulated reasons for its sentence outside the guidelines policy statement range and these reasons addressed the § 3553(a) factors, Pando fails to show that under plain error review his sentence was not procedurally reasonable. *See Puckett v. United States*, 556 U.S. 129, 135 (2009); *Kippers*, 685 F.3d at 497-99.

Next, Pando disputes the substantive reasonableness of his sentence, asserting that his sentence is excessive and unduly harsh. Because Pando pleaded true to violating numerous conditions of his probation, the district court was authorized to sentence him to a term of imprisonment. *See* 18 U.S.C. § 3565(a)(2). This court considers the extent of the district court's deviation from a guidelines policy range, but defers to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance. *Kippers*, 685 F.3d at 500. In light of the district court's previous leniency and Pando's conduct in getting arrested while on probation and failing on multiple occasions to abide by the terms of his probation, the district court's decision to revoke Pando's probation and sentence him to 36 months in prison was not an abuse of discretion. *See id.* at 499-501.

AFFIRMED.